UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELTON WOODS,

        Petitioner,

                                  CASE NO. 06-CV-10723
v.                                    HONORABLE ARTHUR J. TARNOW

SHERRY L. BURT,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS

**I.**

Felton Woods ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas corpus. Petitioner is currently incarcerated pursuant to a 1986 conviction for breaking and entering for which he is serving a term of life imprisonment as a fourth habitual offender. In his present petition, he challenges the constitutionality of his 1970 plea-based convictions for malicious destruction of property under $100.00, entering without permission, and larceny under $100.00. Petitioner states that he was sentenced to jail time for those convictions and served two months in the county jail. Petitioner asserts that he was not represented by counsel during those criminal proceedings and did not waive his right to counsel. Petitioner claims that he is entitled to habeas relief because the 1970 convictions were used to enhance his 1986 sentence. Respondent has filed an answer to the petition asserting that it should be dismissed for lack of jurisdiction, as untimely, and/or based upon lack of jurisdiction as sentence expired.

1

**II.**

Petitioner states that he has exhausted his state remedies concerning his challenge to his 1970 convictions. The record before this Court indicates that Petitioner filed a motion for relief from judgment in the state trial court on March 25, 2005, which was denied. *People v. Woods*, No. 85-006602-FH-5 (Saginaw Co. Cir. Ct. April 4, 2005). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied*. People v. Woods*, No. 263604 (Mich. Ct. App. July 20, 2005), as was his motion for reconsideration on August 25, 2005. Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Woods*, 474 Mich. 978, 707 N.W.2d 208 (2005).

Assuming that the Court has jurisdiction over this matter and that it is not a second or successive petition subject to transfer, the Court nonetheless dismisses the petition for failure to comply with the one-year statute applicable to federal habeas actions. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective. The provisions of the AEDPA govern this case because Petitioner filed his habeas petition after the effective date of that statute. *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year limitations period for the filing of federal habeas petitions. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's 1970 convictions became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003). Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment challenging his 1970 convictions until March, 2005. Thus, the one-year grace period expired well before Petitioner sought state post-conviction or collateral review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir.

3

2003); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state court collateral proceedings, instituted in 2005, did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed motion for post-conviction or collateral review under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the state created an impediment to the filing of his habeas petition, nor does he allege or establish that his habeas claims are based upon newly-discovered facts or newly-recognized constitutional rights. His habeas action is thus untimely under 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (assuming but not deciding that equitable tolling applies to federal habeas actions); *see also Jurado*, 337 F.3d at 642; *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). In *Dunlap*, the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d

146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

Petitioner has not set forth any circumstances which caused him to file his state court motion for relief from judgment after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, may have been proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Knickerbocker v. Wolfenbarger,* 212 Fed. Appx. 426 (6th Cir. 2007). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*

*v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, _ U.S. _, 126 S. Ct. 2064, 2077 (2006) (reiterating that a federal habeas court must consider all the evidence, new and old, exculpatory and inculpatory, in determining an actual innocence exception to a procedural bar). Petitioner has made no such showing. His habeas petition is therefore untimely.

### III.

For the reasons stated, the Court concludes that the petition is untimely. Thus, there is no reason to discuss the custody requirement. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: August 24, 2007


I hereby certify that a copy of the foregoing document was served upon counsel of record on August 24, 2007, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary